IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:09-826-17-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Maurice Bynum,<br>         Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Relief Under First Step Act of 2018. ECF No. 1517. The Government filed a Response in Opposition. ECF No. 1537. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 1535.

The court has reviewed the above filings as well as the Superseding Indictment (ECF No. 367), Defendant's Plea Agreement (ECF No. 501), Transcript of Rule 11 hearing, and PreSentence Report ("PSR") (ECF No. 1535-1), and concludes that Defendant is not eligible for relief under the First Step Act.

It was charged in Count 1 of the Superseding Indictment that Defendant:

> knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); All in violation of Title 21, United States Code, Section 846.

ECF No. 367 at 2.

Defendant thereafter entered into a Plea Agreement that provided for a plea to a lesser included offense:

> The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment now pending, which charges conspiracy to distribute cocaine and "crack" cocaine, said conspiracy involving 5 grams or more of "crack" cocaine and 500 grams or more of cocaine, a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)[1].
>
> In order to sustain its burden of proof as to this offense, the Government is required to prove the following:
>
> A. The conspiracy was knowingly and wilfully formed and was in existence on or about the dates set forth in the Superseding Indictment;
> B. The defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose; and
> C. The defendant distributed 5 grams of "crack" cocaine and 500 grams or more of cocaine, agreed to the distribution of those quantities or the distribution of those quantities was reasonably foreseeable to the defendant and within the scope of his agreement.
>
> Possible Penalties for 21 U.S.C. § 846
> A mandatory minimum term of 10 years, a maximum of life, a maximum fine of $4 million dollars, a term of supervised release of 8 years and a $100.00 special assessment.[2]

ECF No. 501 at 1-2.

---

[1] Although the Plea Agreement lists § 841(b)(1)(A), as Defendant entered a plea to the lesser included offense, the correct statute subsection is § 841(b)(1)(B). At Defendant's Rule 11 hearing, this was corrected and initialed on the Plea Agreement; however, it does not appear the corrected agreement was filed.

[2] Defendant's mandatory minimum was enhanced based on a prior felony drug conviction. 21 U.S.C. § 851; ECF No. 463.

At the Rule 11 hearing, the court advised Defendant:

> They would have to be able to prove that there was such a conspiracy, it was knowingly and wilfully formed and in existence on or about these dates, that at some point in time while it was in existence you joined in it with knowledge of its unlawful purpose and that while you were a member of it, you either personally distributed five grams of crack and 500 grams or more of cocaine, you agreed to the distribution of those quantities, or the distribution of those quantities was reasonably foreseeable to you and within the scope of your agreement. That's what they would have to prove to make out that charge. Do you understand that?
> The Defendant: Yes, sir.

Cr. No. 0:09-cr-00932, at ECF No. 58 at 21-22.[3]

The Government, through FBI Special Agent Michael Stansbury, summarized the evidence against Defendant, explaining Defendant

> was actually obtaining crack cocaine from Mr. Lide and selling it in the Washington Park, Shop Road area just as he had previously done years before. Based on the phone calls we learned that Mr. Bynum was getting cookie quantities of crack at the time. A cookie weighs between 14 and 15 grams of crack now.

*Id.* at 47:13-19. Agent Stansbury also noted the crack cocaine possessed with intent to distribute by Defendant was in excess of five grams, and it was reasonably foreseeable to Defendant that the members of the conspiracy were dealing in excess of 500 grams of powder cocaine. *Id.* at 49.

Thereafter the court inquired of Defendant as follows:

> The court: All right. Mr. Bynum, do you agree that you were selling crack for Mr. Lide?
> The Defendant: Yes, ma'am.
> The court: Do you agree that during the time period that you were involved, that you were personally involved in 5 grams or more of crack?
> The Defendant: Yes, ma'am.

---

[3] Defendant's guilty plea was taken with several other defendants, and was transcribed in another Defendant's case.

> The court: And do you agree that it was reasonably foreseeable to you that Mr. Lide was involved in 500 grams or more of powder?
> The Defendant: Yes, ma'am.
> . . .
> The court: All right. Then how do you wish to plead to the lesser included charge of Count 1 of the Superseding Indictment, not guilty or guilty?
> The Defendant: Guilty.

*Id.* at 49:14-24, 50:6-9.

The PSR described Defendant's involvement in a large drug trafficking organization which distributed multi-ounce to multi-kilogram quantities of cocaine and cocaine base in the Columbia area of South Carolina. ECF No. 1535-1 at ¶ 19. The PSR notes Defendant "conspired with Tarrel Lide and Valerie Jamison to purchase and distribute multi-gram quantities of crack during the course of the conspiracy. The investigation also showed Bynum had been involved in acquiring and/or distributing quantities of crack and cocaine for a lengthy period of time in the Columbia area." *Id.* The PSR, however, did not seek to account for the total amount of cocaine and cocaine base attributable to the conspiracy to which Defendant entered a plea of guilty. Rather, it was aimed at establishing an amount that would determine Defendant's Guideline range within the statutory limits of the lesser included offense of Count 1, to which Defendant had admitted guilt as to five grams of "crack" cocaine and 500 grams or more of cocaine.

The court will deny Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to distribute five grams or more of cocaine base <u>and</u> 500 grams or more of cocaine. He admitted he was "involved" with at least five grams of cocaine base and it was reasonably foreseeable to him that a co-conspirator was involved with 500 grams of cocaine during the conspiracy. His statutory penalty was not therefore controlled only by his guilty

4

plea to conspiracy involving five grams or more of cocaine base. Because he also admitted guilt to conspiracy to distribute 500 grams or more of cocaine, his statutory penalty range was 10 years to Life, independent of the penalty on the cocaine base offense.

The intent of the First Step Act's cocaine base penalty changes was to provide Fair Sentencing Act relief to those whose statutory range was driven by cocaine base disparities before the passage of the Fair Sentencing Act. Persons convicted of cocaine base offenses, but whose statutory ranges were not affected, are not eligible for relief. That is what happened here. Defendant's cocaine base conviction had no effect on his statutory range because he faced the same range on his conviction for cocaine.

The First Step Act amended penalties for cocaine base, but not cocaine. Because Defendant also admitted guilt to a cocaine offense carrying the same penalty, he is not eligible for relief. For reasons set forth above, Defendant's Motion for Relief Under First Step Act (ECF No. 1517) is denied.

**IT IS SO ORDERED**.

                                        s/Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        Senior United States District Judge

Columbia, South Carolina
May 28, 2019